## Read, et al. v. Gilliam.

(Decided November 30, 1910.)

### Appeal from Allen Circuit Court.

Town Lots—Location—Evidence—Known Corner Established—Adverse Possession.—In a controversy between two parties as to the ownership of a strip of land, both of whom claim under deeds from the same party, and both call for G.s old cabinet shop, the location of which is not disputed; Held, we do not find from the evidence anything to sustain an adverse possession in either of the parties. Proof of the declarations of a witness as to the location of a certain corner cannot outweigh the clearly established location of G.'s old cabinet shop, and the lot must be located by beginning 40 feet from it and then running 64 feet along Main Street, in the town of Scottsville, Ky., for its front as shown by the deed to the Baptist church lot, which it adjoins. When thus laid off, it includes the entire strip in controversy.

BAIRD, RICHARDSON & SUMMERS for appellant.

GOAD & OLIVER. GILLIAM & GILLIAM and BRADBURN & BASHAM for appellee.

OPINION OF THE COURT BY JUDGE HOBSON.

The Scottsville Baptist church owns a lot on the corner of Main and Second streets. J. H. Gilliam owns a lot on Main street adjoining the lot of the Baptist church, and this controversy arose as to the dividing line between the two lots. Both parties claim under J. H. Collins, who formerly owned the entire square. The deed to the Baptist Church was made first and prior to the year 1874. By it the lot conveyed is thus described: Beginning 40 feet from E. D. Garrison's old cabinet shop;

thence running 64 feet east along Main street and back 82 feet. There is no contradiction in the evidence as to the true location of E. D. Garrison's old cabinet shop. The shop was standing for some years after this controversy arose, and was pulled down only about eighteen months ago, when a new building was erected, the wall of which next to the street was placed right where the wall of the old building stood. If we measure from this shop 40 feet it takes us across Second street to the corner of the lot of the Baptist church, which according to its deed extends 64 feet along Main street, and runs back 82 feet. The beginning point of Gilliam's lot is thus described: "The southeast corner of lot of ground sold by John Collins and wife to the Scottsville Baptist church and upon which the Baptist church now stands." The deed then calls to run with the street 66 feet to a stone; "thence north 100 feet to a stone; thence west 66 feet to a stone; thence south with the line of said church lot to the beginning." It will thus be seen that Gilliam's deed calls for the line of the Baptist church lot; so the only question we are to determine is the location of that line. To locate the Baptist church lot we have in the deed to it a certain monument, the location of which is clearly shown, to-wit: E. D. Garrison's old cabinet shop; and when we measure 40 feet from the old cabinet shop on the line of Main street, we have the beginning corner of the church lot, which fronts 64 feet on the street and extends back 82 feet. We find nothing in the evidence to warrant us in disregarding the calls of the deed. In 1874, a wooden church was built setting back about 30 feet from the street, and a string of fence was run from the corner of the church out to the street diagonally. About the year 1900, the old church having been removed and a brick church built, the church notified Gilliam that he must set his fence back. At that time the officers of the church measured from the old cabinet shop 40 feet and set a stone as a beginning corner of their lot. They then measured along the street 64 feet and set another stone as the other corner of their lot. Gilliam's coal house was on the back corner, and they notified him to move it which he did. They then ran a fence, using the material of Gilliam's fence along the line as they had laid it off, and built a cement pavement on Main street in front of their lot from one of the stones which they set to the other. Matters remained in this condition, Gilliam having notice of the claim of the church, and walking daily over the pave-

ment until the year 1909, when a dispute arose; he claiming that the fence was about five feet over on him, and the church refusing to move it, he tore it down and built an iron fence five feet within the line as they claimed it from one end to the other. Thereupon the church brought this suit against him. The circuit court held that Gilliam had encroached upon the church for about one-half of the strip in controversy and adjudged to him the other half. From this judgment the church has appealed and he has prosecuted a cross appeal.

We do not find in the evidence anything to sustain an adverse possession for 15 years in either of the parties. While there is some proof of an old fence along the line that Gilliam claims, it is not shown that this fence was put there, or how long it stood, and from all the proof in the record we think it is a fair conclusion that each party was claiming up to his true line, and that there was no intention by either to encroach upon the other. The fence seems to have been built as the convenience of the parties prompted. The chief reliance of Gilliam for his claim as to the location of the corner is a deed made by J. H. Collins for the back lot to J. S. Lewis on February 23, 1895. It is insisted that Collins knew where the corners were and that the location of the back corner of the Baptist lot in this deed shows that it was located by Collins as claimed by Gilliam. This may be true, but the deed was made more than 20 years after Collins had conveyed the land to the Baptist church, and he could not by his deed to Lewis, affect its title. He is now dead, and the deed may be evidence of his declaration as to what land he then claimed, or to what corner he claimed to hold, but after all it is only his declaration, and it cannot outweigh the clearly established location of Garrison's old cabinet shop; and the lot of the Baptist church must be located by beginning 40 feet from it, and then running 64 feet along Main street for its front. When thus laid off it includes the entire strip in controversy.

On the cross appeal the judgment is affirmed and on the original appeal the judgment is reversed and cause remanded for a judgment as above indicated.