## Carpenter v. Rose.

(Decided January 30, 1920.)

### Appeal from Jackson Circuit Court.

1. Adverse Possession—Duration and Continuity of Possession.— Where a person acting under a mistake as to the true boundary line between his land and that of another, takes possession of the land of the other, believing it to be his own, up to a mistaken line, claims title to it and so holds, the holding is adverse, and if continued for the statutory period will give title by adverse possession.

2. Quieting Title—Occupancy—Warranty.—Where defendant in a suit to quiet title to land, shows occupancy by herself and those under whom she claims for a period of thirty odd years with a fixed and definite boundary, such as is susceptible of identification, and where in the deed, from plaintiff's grantor, there is a reservation of warranty of title as to the land in dispute, the judgment of the lower court dismissing plaintiff's petition will not be disturbed.

A. W. BAKER for appellant.

C. P. MOORE for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

This is a suit to quiet the title to 23 acres of land. Appellant (plaintiff) claims under the John Rose patent of 85 acres, and the answer asserted title in the appellee of an adjoining tract of about 67 acres, under deed dated January 2, 1882, from John Miller and wife (John Miller having acquired the property in about 1861). This latter is known as the Samuel Rose patent. The answer denied

that appellee was claiming any interest in or to the boundary described in the petition. The tract in dispute is of irregular shape and lies wholly within the John Rose patent. This is clearly shown by a plat filed with the report of the county surveyor, and is so conceded by both parties.

In an amended petition to conform to the proof, appellee claimed title to the land in controversy by adverse possession and this is the only question involved.

This appeal is from a judgment denying any right, title or interest of appellant in or to the land in controversy, and ordering appellee's title thereto quieted.

It is clear from the evidence that appellee has been in possession of the land in dispute for a considerable period in excess of the statutory fifteen years. Four of the witnesses, in addition to appellee, fix the continued and uninterrupted possession in appellee and those under whom she claims for a period of thirty odd years, during the larger portion of which time the property was under fence and in cultivation. The fence, or a major portion thereof, was destroyed by fire in 1885, a portion only of which had been rebuilt at the time this suit was instituted. That appellee in the occupancy and use of the disputed land was under the impression that same was embraced in her deed from Miller appears manifest, but it is conceded that the 23 acres were not included in the description of her deed.

Where a person, acting under a mistake as to the true boundary line between his land and that of another, takes possession of land of another believing it to be his own, up to a mistaken line, claims title to it and so holds, the holding is adverse and if continued for the requisite period, will give title by adverse possession. The rule is so stated in 2 C. J. 141. See also Turner v. Morgan, 158 Ky. 511, 165 S. W. 684, 52 L. R. A. (N. S.) 106; Le-Moyne v. Neal, 168 Ky. 292, 181 S. W. 1119.

Appellant contends appellee has failed to show such occupancy or possession of the land in dispute as entitles her to same, but in this he relies upon his own unsupported testimony, while on the other hand, in addition to the five witnesses testifying for appellee, showing continuous adverse possession for thirty odd years, the deed to appellant from T. M. Rose, appellee's brother, contains this provision:

"I hereby make a general warranty deed to all of the above described tract of land excepting the land which Eugena Gray claims by rights of peaceable possession."

The Eugena Gray referred to in said deed is the appellee. This deed is dated November 5, 1912, and in his testimony said grantor, T. M. Rose, states that John Miller lived on the land in dispute when he (Rose) was quite young, indeed, from his earliest recollection, or as he expresses it, "he lived there before I can remember anything," that said Miller moved off the land when he (Rose) was about twenty years of age, and appellee lived on the property after Miller moved. He says appellee did not reside on the land in dispute while Rose lived on the 85 acre tract but she claimed it as her own. He never took any steps to dispossess her; that "she had claimed it all along and she seemed to get mad every time anything was said about the place and I would not quarrel with her." John Miller and appellee had both lived on the land before he bought it from the heirs of John Rose, and at the time of his purchase appellee claimed it. When asked why he made the reservation in the deed as to appellee's claim, he said she had always claimed it and he did not want to stand responsible for lawsuits is the reason he made it that way.

Mary B. Rose, wife of T. M. Rose, states that appellee has claimed ownership in the land since she has known it.

Appellant testifies that the land in dispute was cleared and cultivated by John Miller about 47 or 48 years ago, at which time Miller was living on the tract and appellee has cleared and cultivated some of it since Miller's time. Throughout the record the property is referred to as "the land in dispute;" no further description is given other than by the surveyor. Thus it had a fixed and definite boundary, one understood by all the parties and such as was susceptible of identification.

The testimony of all the witnesses, including appellant and his grantor, and the reservation in the deed, all point to a possession by appellee of such a character and extent as we deem sufficient to support a title by adverse holding.

Wherefore the judgment is affirmed.