### Kinder et al. v. Ramey.

(Decided Feb. 19, 1937.)

STRATTON & STEPHENSON for appellants.
CHILDERS & BOWLES for appellees.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

The appellee, Alex Ramey, brought this action for the purpose of establishing his title to a tract of approximately 162 acres of land in Pike county and to recover damages in the sum of $100 from the appellant George Kinder, as a result of the latter's wrongful cutting of timber on appellee's property. Appellee traced his title through various mesne conveyances to a patent issued by the commonwealth to one Thomas Hackney, in 1846, covering 1,100 acres. The appellant answered the petition denying its allegations generally, and, by a second paragraph, denominated a counterclaim, described and asserted title to a tract of land adjoining the property of the appellee and partially overlapping the seventh line of the Thomas Hackney patent. With the exception of the small bulge in the northeasterly line (the property here in controversy), the appellant traced his title through various mesne conveyances to a patent issued by the commonwealth to Jane Hurley, for 42 acres, in 1893. Appellant undertook to establish title by adverse possession to the bulge of about four or five acres northeast of his land, and included in the description of the tract belonging to appellee. There was no dispute in the proof as to the correctness of the lines called for by the deeds to both appellant and appellee, and there was therefore nothing on this score to submit to a jury. The only remaining question was whether or not appellant had introduced sufficient proof to require that the question of his title by adverse possession to the bulge, which he claims to have included within his boundary, be submitted to a jury. The trial court directed a verdict in favor of appellee, and this appeal followed.

Appellant purchased the land included in the Jane Hurley patent from one Richard Epling by deed dated

April 1, 1928. This deed described the property in accordance with the lines of the Jane Hurley patent. It is admitted that these calls do not include the property here in controversy. Pending the trial of this case, appellant secured a quitclaim deed from Epling, by which the latter undertook to include the property here involved. Since appellant has not himself had title or possession for 15 years, he was forced to rely on the title of his predecessors, and either to tack their possession to his or else establish an already-acquired title in them prior to his quitclaim deed or his purchase in 1928. Appellant's immediate grantor, Richard Epling, was called as a witness and testified that he had cultivated, used, and claimed to own, the property here in controversy for some 20 or 25 years, but he admitted on cross-examination that the reason he had done so was the fact that he thought the property was included within the calls of the Jane Hurley patent. The proof further shows that the same mistake had been made by one or more of Epling's predecessors in title and that the line had been run on several occasions in order to settle similar disputes, and that each time this was done the owner under the Jane Hurley patent had withdrawn from the property beyond his line. Epling himself testified that he had no intention of claiming property within the 1,100-acre Thomas Hackney patent. While there is some conflict in the evidence as to the extent of the property within the possession of appellant and his predecessors in title, there is no conflict whatever in the proof as to the nature of the possession prior to 1928, when appellant received his first deed. The most that can be said is that the possession outside of the boundaries of the Jane Hurley patent was assumed and held in good faith under the mistaken belief that it was included within the lines of the Hurley property. This falls far short of establishing title in appellant or his predecessors by adverse possession. The rule is too well settled to admit of doubt that, where the occupation of land is by mere mistake, and with no intention on the part of the occupant to claim land which does not belong to him, but he intends to claim only to the true line, wherever it may be, the holding is not adverse. Wilson v. Shepherd, 244 Ky. 225, 50 S. W. (2d) 540; Turner v. Morgan, 158 Ky. 511, 165 S. W. 684, 52 L. R. A. (N. S.) 106; Cuyler v. Bush, 84 S. W. 579, 27 Ky.

Law Rep. 148; Small v. Hamlet, 68 S. W. 395, 24 Ky. Law Rep. 238; Hunter v. Chrisman, 45 Ky. (6 B. Mon.) 463.

Judgment affirmed.