RENDERED: JANUARY 3, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0313-MR

WILLIAM WILKERSON AND
FOTINE J. WILKERSON                                          APPELLANTS

v.
APPEAL FROM FLEMING CIRCUIT COURT
HONORABLE MELANIE BRUMMER, JUDGE
ACTION NO. 23-CI-00069

DAVID LEWIS BABER AND
TERESA LANE BABER                                            APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, A. JONES, AND MᶜNEILL, JUDGES.

COMBS, JUDGE: William Wilkerson and his wife, Fotine, appeal the judgment

of the Fleming Circuit Court holding that David Baber and his wife, Teresa,

acquired by adverse possession a strip of land directly in front of the Babers'

home. After our review, we affirm.

The facts of this case are largely undisputed.  In November 2009, the Wilkersons purchased property at 600 Helphenstine Road in Wallingford, Kentucky.  The Wilkersons hired others to maintain the property (mowing and cutting hay) until they took up residence there in 2016.

The Babers live on an adjacent tract of one and one-half acres at 455 Helphenstine Road.  They acquired their property in December 2006.  The Babers' deed describes the tract's northern boundary as being along the south side of Helphenstine Road.  Testimony indicates that the Babers were aware of pins marking their northern boundary.  However, the pins were not immediately adjacent to the gravel road in front of their house.  Nevertheless, the Babers mowed the entire portion of the property in front of their house and otherwise treated the disputed strip -- a sloping, grassy area approximately 171 feet by 10-12 feet -- as their own from the time they purchased it.

The parties agree that no one gave the Babers permission to maintain the slip of land separating their front yard from the road.  They even continued to mow the area after the Wilkersons had asserted their ownership of the parcel in 2022.  A neighbor testified that the Babers -- and only the Babers -- had maintained the disputed strip from the time they purchased the property in 2006 until August 2022.  However, pursuant to a survey, the parties agreed that the

Wilkersons' 2009 deed did in fact give the Wilkersons' record title to the disputed property.

In May 2023, the Babers filed an action to quiet title to resolve the dispute between the parties. They claimed that they had acquired ownership of the disputed property through adverse possession and that the Wilkersons' encroachment upon the grassy strip along the road interfered with the Babers' continued use of the property.

The Fleming Circuit Court conducted a bench trial. After hearing testimony, the circuit court concluded that the disputed strip of land belonged to the Babers because the Wilkersons did not show that they had taken timely action to interrupt the Babers' adverse possession of it. This appeal followed.

Based upon standards set out in the Kentucky Rules of Civil Procedure (CR), we review a circuit court's findings of fact following a bench trial to determine whether its findings are clearly erroneous. CR 52.01. This rule applies with equal force to matters involving boundary disputes. *Croley v. Alsip*, 602 S.W.2d 418, 419 (Ky. 1980). Factual findings are clearly erroneous only where they are not supported by substantial evidence. *Moore v. Asente*, 110 S.W.3d 336, 353 (Ky. 2003). Substantial evidence is defined as "that which, when taken alone or in light of all the evidence, has sufficient probative value to induce conviction in the mind of a reasonable person." *Bowling v. Natural Resources and*

*Environmental Protection Cabinet*, 891 S.W.2d 406, 409 (Ky. App. 1994) (citing

*Kentucky State Racing Commission v. Fuller*, 481 S.W.2d 298, 308 (Ky. 1972),

(citing *Blankenship v. Lloyd Blankenship Coal Company, Inc.*, 463 S.W.2d 62 (Ky.

1970))). We defer to the circuit court's findings of fact because it had the

opportunity to observe and assess the credibility of witnesses. CR 52.01.

However, we review *de novo* the trial court's conclusions of law. *Hoskins v.

Beatty*, 343 S.W.3d 639, 641 (Ky. App. 2011).

Five elements must be satisfied before adverse possession will bar

record title: "1) possession must be hostile and under a claim of right, 2) it must be

actual, 3) it must be exclusive, 4) it must be continuous, and 5) it must be open and

notorious." *Appalachian Regional Healthcare, Inc. v. Royal Crown Bottling Co.,

Inc.*, 824 S.W.2d 878, 880 (Ky. 1992) (citations omitted). Moreover, "[t]hese

common law elements of adverse possession must all be maintained for the

statutory period of fifteen years, and it is the claimant's burden to prove them by

clear and convincing evidence." *Moore v. Stills*, 307 S.W.3d 71, 77-78 (Ky. 2010)

(citations omitted).

On appeal, the Wilkersons contend that the trial court erred in

concluding that the Babers adversely possessed the disputed strip of land. They

argue that the Babers knew all along that the disputed property was not their own

and did "next to nothing" to claim it.

Where a claimant takes action to possess property and evinces no intention of surrendering it, he holds it adversely. *Carpenter v. Rose*, 186 Ky. 686, 217 S.W. 1009, 1009 (1920). As explained in *Elsea v. Day*, 448 S.W.3d 259, 264 (Ky. App. 2014), the claimant must be able to show that he intended to possess the disputed property as his own to the exclusion of all others. While physical improvements -- such as fences and buildings -- are good indicators of a claimant's intention to hold property adversely, the nature of the property determines the character of acts necessary to put an owner on notice that a hostile claim is being made. *Ely v. Fuson*, 180 S.W.2d 90, 92 (Ky. 1944); *Phillips v. Akers*, 103 S.W.3d 705, 708 (Ky. App. 2002).

In this case, the Babers established that they alone maintained the disputed tract by mowing it and treating it exactly like the rest of their front lawn. Their conduct adequately demonstrates an "openly evince[d] purpose to hold dominion over the property with such hostility [to] give the non-possessory owner notice of the adverse claim." *Vick v. Elliot*, 422 S.W.3d 277, 280 (Ky. App. 2013) (internal quotation marks and citation omitted). The circuit court was persuaded that the Babers openly exercised exclusive control of the disputed tract and that they did nothing to indicate an intention to surrender it. It found that given the Babers' use of the property, "[i]t would have appeared to anyone observing [it] that this was one parcel of land, owned and maintained by the same owner." It found

that the Wilkersons were on notice of the Babers' claim to the property and failed to make a timely attempt to halt their use of it, rejecting Fotine Wilkerson's testimony indicating that she and her husband began to maintain the disputed strip in 2016.

The court determined that the Babers' possession continued in this way for more than fifteen years. In light of these facts, which were all sufficiently supported by witness testimony, the circuit court did not err by concluding that the Babers acquired ownership of the disputed property by adverse possession.

Therefore, we affirm the order of the Fleming Circuit Court concluding that the Babers achieved ownership of the disputed strip through adverse possession.

ALL CONCUR.

BRIEF FOR APPELLANTS:

Alex Smith
Maysville, Kentucky

BRIEF FOR APPELLEES:

Ira S. Kilburn
Salt Lick, Kentucky