## Shutt, et al. v. Methodist Episcopal Church.

(Decided January 30, 1920.)

### Appeal from McLean Circuit Court.

1. Adverse Possession—Color of Title—Requisites.—Generally speaking, any instrument, however defective or imperfect, and no matter from what cause invalid, purporting to convey the land and showing the extent of the tenant's claim, may be "color of title"; and a claim to the land thereunder will draw to the claimant the protection of the statute of limitations, the other requisites of adverse possession being present.

2. Adverse Possession—Color of Title—Requisites.—Except in particular cases covered by statute, it is not a necessary element of "color of title" that the claimant thereunder should believe it to be valid; nor will the claimant's possession be any the less adverse because he has knowledge of title in another.

3. Adverse Possession—Character and Continuity of Possession—Church Property—Sufficiency of Possession.—The strict rule applicable to ordinary property with respect to the character and continuity of possession is not applied in case of property used for school or church purposes, but the possession of such property is adverse if it is used in the way that such property is ordinarily used.

4. Adverse Possession—Character and Continuity of Possession—Church Property—Sufficiency of Possession.—Where there was

a church building on the lot in controversy, in which the congregation regularly held its services, and the adjoining portion of the lot was used by the members for the purpose of hitching their horses, storing their vehicles, holding their church picnics, etc., the possession of the lot was continuous and adverse.

5. Adverse Possession—Extent of Possession—Effect of Acquiring Deed After Entry.—Where a congregation builds a church on a lot, the corners of which are marked, and occupies the lot in the manner in which church property is ordinarily used, and subsequently takes a deed defining the boundary which had become obscure by reason of the destruction of the corner trees, and continues to occupy the entire lot for fifteen years, the possession is adverse to the extent of the deed, and it is immaterial that the original entry was not made under the deed.

6. Trespass—Damages—Excessive.—In an action by a church to recover damages for the destruction of shade trees, evidence considered and a verdict of $700.00 held not excessive.

LOUIS I. IGLEHEART and JOE H. MILLER for appellants.

W. B. NOE, W. A. TAYLOR and BEN D. RINGO for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

The Methodist Episcopal Church brought this suit against G. P. Shutt and Adelia Bryant to recover damages for trespass. From a verdict and judgment in its favor for $700.00, the defendants appeal.

The land which plaintiff claims to own is in the form of a square and is described as follows:

"Beginning at a Spanish oak on the south side of the Rumsey and Ashbysburg road, and running thence east, 66 yards to a stake; thence south, 66 yards to an ash and beech; thence west, 66 yards to a stake; thence north, 66 yards to the beginning."

On the land is located a church building, thirty-six by forty, which was constructed about thirty years before the suit was brought. Several witnesses testified to having seen the corners called for in the above description, but admitted that the corners were now gone and had not been there for several years For this reason defendants insist that plaintiff failed to show an adverse holding to a well marked boundary, and that the trial court should have directed a verdict in their favor. Passing this phase of the case, however, we find that J. M. Shutt conveyed the property to plaintiff by deed

dated January 16, 1894, and recorded in the McLean
county court clerk's office. In this deed the property is
described as above set out.

For appellants it is insisted that the deed does not
operate as "color of title," because the trustees of the
church knew that the title was in William Shutt, the
brother of the grantor, and because the deed was exe-
cuted some years after the church had entered and taken
possession of the land. It must be remembered that
"color of title" is title in appearance only and not title
in fact. If the instrument itself passes or constitutes
title, it is not "color of title." Generally speaking, any
instrument, however defective or imperfect, and no mat-
ter from what cause invalid, purporting to convey the
land and showing the extent of the tenant's claim, may
be "color of title;" and a claim to the land thereunder
will draw to the claimant the protection of the statute
of limitations, the other requisites of adverse posses-
sion being present. Crowder v Doe, 162 Ala. 151, 50 So.
230, 136 A. S. R. 17; 1 R. C. L., sec. 23, p. 711. Except in
particular cases covered by statute, it is not a neces-
sary element of "color of title" that the claimant there-
under should believe it to be valid. Nor will the claim-
ant's possession be any the less adverse because he has
knowledge of title in another. 1 R. C. L., sec. 22, p. 710;
Dikeman v. Parrish, 6 Pa. St. 210, 47 Am. Dec. 455. It
does not appear that the trustees to whom the deed was
made were guilty of fraud in acquiring the deed, or that
they clearly knew that the legal title was in William
Shutt, but even if they did know this to be the case, such
knowledge under the above authorities did not render
the deed ineffectual as "color of title."

The facts of this case render it unnecessary to de-
termine whether one, who without "color of title,"
enters upon a tract of unoccupied land and takes pos-
session of only a part of the land, can extend his posses-
sion so as to embrace the whole tract, merely by obtain-
ing "color of title" thereto subsequently to his entry,
and continuing to occupy only the land of which he orig-
inally took actual possession. The strict rule applicable
to ordinary property with respect to the character and
continuity of possession is not applied in cases of prop-
erty used for school or church purposes Britt v. Houser,
171 Ky. 494, 188 S. W. 628; Singleton v. Trustees, 10
Ky. L. R. 851. The possession of such property is ad-

verse if it is used in the way that such property is ordinarily used. Here, there was a church building on the land in controversy in which the congregation regularly held its services, and the adjoining lot was used by the members, both before and after acquiring the deed, for the purpose of hitching their horses, storing their vehicles, holding their church picnics, etc., and this character of possession was clearly adverse and continuous. That being true, the case is not one where the church entered without "color of title" and took possession of only a portion of the lot, and thereafter attempted to extend its possession by merely taking the deed and continuing to occupy only that portion of the lot of which it originally took actual possession On the contrary, the case is one where the church originally entered and took possession of the whole lot, the boundary of which was marked, and after acquiring the deed continued its possession of the whole lot, and the only effect of the deed was clearly to define the boundary which had become obscure by reason of the destruction of the corner trees. In other words, the deed showed not merely the extent of the church's claim of possession, but the land which the congregation actually occupied, and this possession having been maintained under the deed for much longer than fifteen years, it is immaterial that the original entry was not made under the deed. 2 C. J., sec. 401, p. 198; Kendrick v. Latham, 23 Fla. 819, 6 S. 871; Hawkins v. Richmond Cedar Works, 122 N. V. 87, 30 S. E. 13.

It is argued with great earnestness that the verdict for $700.00 is excessive. The evidence shows that the defendants entered upon the lot, destroyed a great number of shade trees and left the church practically without shade. The evidence for plaintiff tended to show that the difference in the value of the property before and after the trespass was largely in excess of the sum of $700.00, while defendants' evidence tended to show that the whole property was not worth that amount. There can be no doubt that the amount of damage was a question for the jury, and not being able to say that the amount awarded was flagrantly against the evidence, the verdict will not be disturbed.

Judgment affirmed.

Chief Justice Carroll dissents from so much of the opinion as holds that a party can fraudulently or with

knowledge that a party has no title obtain from him a deed and by virtue thereof avail himself of the advantages afforded by a color of title conveyance. Foulke v. Bond, 41 N. J. L. 257; West v. Middlesex Banking Co., 33 S. D. 465; Litchfield v. Sewell, 97 Iowa 247; State v. King, 77 W. Va. 37; Goodson v. Brothers, 111 Ala. 589; Reay v. Butler, 95 Cal. 206; Baker v. Swan, 32 Md. 355.