## McDaniel et al. v. Ramsey's Adm'rs et al.

October 10, 1947.

E. R. Denney, Judge.

Bertram & Bertram for appellants.

Bruce H. Phillips and J. M. Kennedy for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is a suit brought by the heirs of Craven Bunch, deceased, to recover 85 acres of land in Wayne County worth, according to the proof, $500 or $600. The land was conveyed to Craven Bunch in 1886. He died intestate in 1895, and was survived by his widow, Sarah Bunch, and three daughters, Eliza Bunch McDaniel, Myrtle Bunch Stringer, and Frances Bunch, who died leaving as her only heir at law a son, Willis Orville Bunch. The widow and children continued to live on the land. Sarah Bunch, at the time of her marriage to Craven Bunch, had several children, including a daughter, Minerva Turner, who seems to have been the industrious and thrifty member of the family. For several years she paid the taxes on the land occupied by her mother and half-sisters, but the taxes for 1915 were not paid and the land was advertised and sold by the sheriff on February 18, 1916. G. T. Ramsey purchased the property for the amount of taxes then due, and on September 13, 1917, assigned his bid to Minerva Turner. On April 8, 1918, the sheriff of Wayne County executed and delivered to Minerva Turner a deed conveying to her the 85 acres of land which was described by metes and bounds. The widow and some of the children and grandchildren of Craven Bunch continued to live on the land. Sarah Bunch died on March 3, 1932, and on September 16, 1932, Minerva Turner conveyed the land to R. S. Ramsey, who took possession, fenced it, and cultivated it until February 1, 1946, when this suit was brought by Eliza Bunch McDaniel, Myrtle Bunch Stringer, and Willis Orville Bunch. The defendant, R. S. Ramsey, died soon after the suit was instituted, and the action was revived against his personal representatives and heirs at law. The plaintiffs alleged in their petition that the tax deed to Minerva Turner, dated April 8, 1918, was void, and asked that the deed under which the defendant, R. S. Ramsey, claimed the land be adjudged void and set aside and that they recover of the defendant the land described in the petition. R. S. Ram-

sey filed an answer in two paragraphs. The first paragraph was a traverse, and in the second paragraph the defendant asserted title to the land by adverse possession. A reply traversed the allegations of the second paragraph of the answer. The case was submitted on the pleadings, exhibits, and proof, and the court adjudged that the plaintiffs were not entitled to the relief sought and dismissed their petition.

Most of appellants' argument is directed to the tax deed of April 8, 1918, which they assert was invalid because the property sold for taxes was assessed in the name of Sarah Bunch, widow of Craven Bunch, when she had, at most, a dower interest in the land. Issue was joined on the defendants' claim of title by adverse possession. Several neighbors and members of the family testified that it was generally known that Minerva Turner purchased the property at the tax sale, and claimed it as her own until she conveyed it to R. S. Ramsey. She permitted her mother and sisters and other members of the family to live on the land until her mother's death, but she paid the taxes from 1918 until 1932. R. S. Ramsey took possession of the land in 1932, fenced it, and otherwise improved it and paid the taxes until this suit was instituted. Appellees knew these facts. Even if it be assumed that the tax deed to Minerva Turner was void as claimed by appellants, it, at least, afforded color of title. All the other requisites of adverse possession are present. Any instrument purporting to convey land and showing the extent of the grantee's claim may afford color of title. As said in New York-Kentucky Oil & Gas Co. v. Miller, 187 Ky. 742, 220 S. W. 535, 537: "Evidences of title such as deeds, etc., purporting to convey title, whether valid or not, under which an entry is made, constitute color of title and accompanied by actual possession evidence possession to the extent of the boundary described therein."

In Shutt v. Methodist Episcopal Church, 187 Ky. 350, 218 S. W. 1020, 1021, the court said: "Generally speaking, any instrument, however defective or imperfect, and no matter from what cause invalid, purporting to convey the land and showing the extent of the tenant's claim, may be 'color of title'; and a claim to the land thereunder will draw to the claimant the protection

of the statute of limitations, the other requisites of adverse possession being present.''

In J. B. Gathright Land Company v. Begley, 200 Ky. 808, 255 S. W. 837, it was held that a deed executed by a married woman, though void because not joined in by the husband, afforded color of title, and in Lemar v. Kentenia-Cumberland Corporation, 288 Ky. 326, 156 S. W. 2d 183, it was held that a void tax deed gave color of title to the land described in the deed. There was ample evidence that the land in question was in the open, continuous, notorious and adverse possession of the appellees and their predecessors who claimed under the tax deed of 1918, and the circuit court correctly so adjudged.

The judgment is affirmed.