**MOUNT ZION METHODIST CHURCH, a corporation, Appellant,**

v.

**UNKNOWN HEIRS AT LAW, DEVISEES AND ALIENEES OF Joseph MASON, Trustee, for Female Union Band Society, etc., et al., Appellees.**

**No. 16977.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 7, 1962.

Decided Jan. 17, 1963.

1. 37 Stat. 555, as amended, 62 Stat. 354, 5 U.S.C.A. § 652(c).

Mr. Stuart H. Robeson, Washington, D. C., for appellant.

Mr. Charles L. Norris, Washington, D. C., with whom Mr. Osborn S. Belt, Washington, D. C., was on the brief, for appellees.

Before BAZELON, Chief Judge, BASTIAN, Circuit Judge, and BELL, Circuit Judge for the Fourth Circuit.*

J. SPENCER BELL, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the District of Columbia in an action under Title 16 D.C.Code (1961) § 1501 to establish title to one and one-half acres of land in Georgetown, District of Columbia. The District Court, sitting without jury, heard the case, made findings of fact, and concluded that title by adverse possession had not been established. Judgment was thereupon entered for defendants and plaintiff appealed.

Plaintiff is the lessee for ninety-nine years of land in Georgetown used by it as a cemetery. Defendant society has record title to a lot adjoining on the westerly side, also used as a cemetery. The claimed period of adverse possession is for more than twenty-two years, beginning about 1932 until the commencement of this action on the 5th day of October, 1960.

It appears from the evidence offered that both sections of the cemetery were badly neglected during the period in question and had fallen into disuse during recent years. Plaintiff has made no burials since 1943; defendant society has made none since 1950. Sometime in late 1931 or early 1932, a sign was erected over a gate leading into defendants' side of the cemetery on which was written in large letters "Mt. Zion Cemetery". Evidence was offered by the plaintiff that from time to time work teams composed of members of its congregation would clean up parts of the cemetery, including the defendants' portion. The defendant society's evidence showed similar activity by its members on its part of the cemetery.

Our scope of review is, of course, limited to deciding whether the decision of the Trial Court was clearly erroneous, Fed.R.Civ.P. 52(a). The facts found by the Trial Court are supported by the evidence before it, and the conclusion, far from being clearly erroneous, seems eminently correct.

Plaintiff has failed to show that its possession was either continuous or exclusive, and the evidence and findings of fact support the conclusion that the claimed possession was not notorious. The sign stating that the name of the cemetery was Mt. Zion Cemetery was, in the light of the facts of the case, a somewhat ambiguous notorious symbol of possession. It was shown that in the community the name of both portions of the cemetery was Mt. Zion Cemetery. Therefore, the sign was compatible with defendants' ownership as well as plaintiffs.

Whether or not defendants' witnesses are members of the society is irrelevant to the instant case. It may be, as claimed by plaintiff, that possession by a church of property need only be "in the way that such property is ordinarily used", Shutt v. Methodist Episcopal

* Sitting by designation pursuant to Sec. 291(a), Title 28 U.S.Code.

**250**

Church, 187 Ky. 350, 218 S.W. 1020 (1920); however, the elements of adverse possession must still be proved. In the Shutt case the land claimed by the church was continually used for parking, picnics, or hitching of horses by church members. In the instant case the use by the church was infrequent, to say the least. Notoriety, exclusiveness, and continuity, found in the Shutt case, are not present here.

Affirmed.