**APPALACHIAN REGIONAL HEALTHCARE, INC.,**
Movant,

v.

**ROYAL CROWN BOTTLING COMPANY, INC.,**
Respondent.

No. 91–SC–000304–DG.

Supreme Court of Kentucky.

March 12, 1992.

David T. Enlow, Murphy & Enlow, David A. Franklin, Landrum & Shouse, Lexington, for movant.

Wayne Bowling, Whitesburg, for respondent.

## OPINION OF THE COURT

The Kentucky Supreme Court hereby affirms the decision of the Court of Appeals in this matter. This Court hereby adopts the opinion of the Court of Appeals by Emberton, J., with Hayes and Wilhoit, JJ., sitting.

"This is an appeal from a summary judgment of the Letcher Circuit Court involving conflicting claims of ownership to a small plot of land adjoining Kentucky Highway 15. The sole issue on appeal is whether the appellant, Royal Crown Bottling Company, Inc., (RC), was the holder of adverse title in the plot pursuant to KRS 413.010.

Approximately thirty-five years ago the appellant, Royal Crown Bottling Company, Inc., (RC), leased a small plot of land from Stumbo Supply Company, Inc. RC erected a billboard advertising Royal Crown Cola which was approximately eight by twenty-four feet in size and was located approximately twenty feet from the edge of the highway. The plot of land was very small but was sufficiently wide enough for the sign. On October 30, 1967, RC purchased the plot of land from Annie Stumbo and recorded the deed in the Letcher County Courthouse.

In 1986, the appellee, Appalachian Regional Healthcare, Inc., (ARH), owner of the adjoining property, approached RC and requested that it permit ARH to place a sign on the property. RC granted permission to ARH to erect a sign. Shortly thereafter ARH asserted legal title to the property and demanded that RC remove its sign. ARH based its claim on a deed dated September 30, 1963. Accordingly, RC stipulated that ARH had superior record title but continued to claim ownership of the property by adverse possession.

The parties stipulated that RC continuously maintained a sign on the land for the statutory period of fifteen (15) years as set out in KRS 413.010. The maintenance included cutting weeds and brush from around the sign and going onto the property to restore and maintain the sign.

One may obtain a perfect title to real property by adverse possession for the

statutory period of time of fifteen years even when there is no intention by the adverse possessor to claim land not belonging to him. KRS 413.010; *Tartar v. Tucker*, Ky., 280 S.W.2d 150, 152 (1955). There are, however, five elements, all of which must be satisfied, before adverse possession will bar record title: 1) possession must be hostile and under a claim of right, 2) it must be actual, 3) it must be exclusive, 4) it must be continuous, and 5) it must be open and notorious. *Id.* The trial court found that RC's possession was not open and notorious and quieted title in ARH, the record title holder.

The "open and notorious" element requires that the possessor openly evince a purpose to hold dominion over the property with such hostility that will give the non-possessory owner notice of the adverse claim. *Sweeten v. Sartin*, Ky., 256 S.W.2d 524, 526 (1953). It is the legal owner's knowledge, either actual or imputable, of another's possession of lands that affects the ownership. 3 Am.Jur.2d *Adverse Possession*, § 71 (1986).

An intent to exercise dominion over land may be evidenced by the erection of physical improvements on the property. *Kentucky Women's Christian Temperance Union v. Thomas*, Ky., 412 S.W.2d 869 (1967). Further, the character of the property, its physical nature and the use to which it has been put, determine the character of the acts necessary to put the true owner on notice of the hostile claim. *Ely v. Fuson*, 297 Ky. 325, 180 S.W.2d 90 (1944).

It is clear in this case that RC evidenced its intent to exercise dominion over the plot of land. RC erected a billboard sign on the property approximately thirty-five years before ARH initiated this action. In 1967 RC purchased the property so that it could continue to maintain its sign on the property. The plot of land is small and located on a highway rendering it ideally suitable for the erection of a sign. In fact, ARH wanted title to the property so that it could display its sign. Thus, we find that the physical nature of the property and the past use of the property both indicate that there could be no more practical use for this land.

In addition, we find that RC's use of the land was an "open and notorious" one. The trial court found that the use was not "open and notorious" because billboards are universally placed along highways on property not owned by the sign owners, but with the landowner's permission. However, we do not agree with the trial court as to what satisfies the "open and notorious" requirement. To be "open and notorious" the possession must be conspicuous and not secret, so that the legal title holder has notice of the adverse use. *Sweeten, supra.*

RC's adverse use consisted of the erection and maintenance of a billboard along Kentucky Highway 15 for greater than the statutory period of time. There could be no more conspicuous use. Further, it is clear that ARH, the record title holder, had actual notice of RC's possession. This is evidenced by the fact that ARH sought permission from RC to place its sign on the property.

The trial court also denied title to RC based on its finding that RC's erection of the billboard did not indicate the extent of RC's claim. We agree that, in order to make an adverse claim definite, the adverse possessor must have either some color of title that will show the extent of the claim or there must be a definite boundary. *Culton v. Simpson*, 265 Ky. 343, 96 S.W.2d 856 (1936). However, any instrument that purports to convey land and shows the extent of the grantee's claim may afford color of title. *McDaniel v. Ramsey's Adm'rs*, 305 Ky. 536, 204 S.W.2d 953 (1947). Thus even a deed that is defective or invalid is sufficient to afford color of title. One in the actual adverse possession of a portion of land under a deed is in adverse possession of the entire tract described in the deed; while one in adverse possession without color of title must indicate the extent of his claim by well-defined boundaries. *Shepherd v. Morgan*, Ky., 246 S.W.2d 131, 132 (1951).

In this case RC had color of title through its 1967 deed. It is immaterial that the deed was junior to ARH's deed. Accordingly, we find that the extent of RC's claim is evidenced by the description contained in its 1967 deed.

For the foregoing reasons we reverse and remand this case to the trial court for a judgment consistent with this opinion."

All concur.