NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0109n.06
Filed: February 10, 2006

No. 04-5449

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JOAN L. BOONE, et al., | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiffs-Appellees, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF KENTUCKY |
| | ) | |
| LEE WARREN, JR., et al., | ) | |
| | ) | |
| Defendants-Appellants, | ) | **M E M O R A N D U M** |
| | ) | **O P I N I O N** |
| and | ) | |
| | ) | |
| VM & M MINING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

BEFORE: GUY, SUTTON and McKEAGUE, Circuit Judges.

McKEAGUE, Circuit Judge. In conjunction with their sale of what was believed to be approximately 5000 acres of land in Bell County, Kentucky to the Commonwealth of Kentucky, in 1996 and 1997, Wheeler B. Boone and Joan L. Boone, Bonnie B. O'Day and Thomas A. O'Day, and Marilyn B. Caldwell and Denney Caldwell, "the Boones," learned of a cloud on their title to a portion of the land. Situated on the disputed property is a limestone quarry operated by VM & M Mining, Inc., pursuant to a lease agreement with the Boones since 1988. To quiet title, the Boones brought suit for declaratory judgment against those claiming an adverse interest. After a jury trial, judgment was awarded to the Boones, declaring them to be rightful owners of the disputed property

by virtue of adverse possession and holding defendants' adverse claims barred by *res judicata*. On appeal, defendants-appellants, Lee Warren, Jr., and Maria Wyatt Warren, and the heirs of Allen Gibson, challenge both the adverse possession and *res judicata* rulings. As a threshold matter, however, they argue that the district court action should be dismissed pursuant to Fed. R. Civ. P. 19(b) for lack of joinder of an indispensable party, *i.e.*, the Commonwealth of Kentucky. Finding appellants' arguments to be without merit, we affirm.

**I**

We note first that defendants' failure to raise the indispensable party defense below does not necessarily mean the defense was waived. *See Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 676 (6th Cir. 2004) (recognizing appellate court's authority to address issue *sua sponte*); *Bowling Transp., Inc. v. N.L.R.B.*, 352 F.3d 274, 281-82 (6th Cir. 2003) (same). Yet, Rule 19 calls for a pragmatic approach, requiring a balancing of rights with an eye toward promoting full adjudication of disputes with a minimum of litigation effort. *Glancy*, 373 F.3d at 665; *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 765 (6th Cir. 1999) (observing that Rule 19(b) is not applied in a rigid manner, but requires scrutiny of case-specific facts, consideration of procedural and substantive factors, and balancing of all relevant interests).

Having carefully reviewed the instant record, we remain unpersuaded that the Commonwealth of Kentucky has such an interest in the disputed property as to render it a "necessary party" under Fed. R. Civ. P. 19(a). In fact, the record is practically devoid of input from the Commonwealth, and its putative interest remains ill-defined.

Nor are we otherwise persuaded, "in equity and good conscience," per Rule 19(b), that this action should be dismissed for failure of the parties to join the Commonwealth of Kentucky. Throughout the seven-year life of this case, all parties were aware of the Commonwealth's *potential* interest in the disputed property. Yet no one moved for joinder or impleader or otherwise raised the issue until after the jury trial was completed and judgment rendered. Defendants-appellants have offered no explanation for their failure to raise the issue earlier. Nor have they offered any reason why, in equity and good conscience, the action should be dismissed. We can only conclude that dismissal of the case under the present circumstances would directly contravene the purpose of Rule 19, "to promote the full adjudication of disputes with a minimum of litigation effort." *Glancy*, 373 F.3d at 665. Accordingly, the request for dismissal of the action pursuant to Fed. R. Civ. P. 19 is rejected.

**II**

Appellants also contend the district court erred by denying their post-judgment motion for judgment as a matter of law and ruling that the Boones had adequately proved their *res judicata* claim. To the extent the district court's ruling involves legal determinations, it is subject to *de novo* review; factual findings may be set aside, per Kentucky law, for insufficiency of evidence only if clearly erroneous. *See Aetna Cas. & Sur. Co. v. Leahey Constr. Co., Inc.*, 219 F.3d 519, 532 (6th Cir. 2000); Ky. R. Civ. P. 52.01 (trial court's findings of fact, whether made without a jury or with an advisory jury, shall not be set aside unless clearly erroneous).

The *res judicata* claim was based on a 1948 judgment rendered in the District Court for the Eastern District of Kentucky in *Kentucky-Bell Corp. v. Allen Gibson Estate*. In that action, the

Boones' predecessor in title, Kentucky-Bell Corporation, successfully asserted quiet title and trespass claims against the heirs of Allen Gibson, alleging that defendants had wrongfully removed timber and coal from the same area on Pine Mountain said to be at issue in this case. Appellants contend the district court erred as a matter of law in its application of *res judicata*. Appellants contend *res judicata* does not operate to bar subsequent litigation between the parties or their privies on issues different from those actually litigated to judgment in the earlier litigation. *Res judicata* does not apply in this case, they argue, because the proofs failed to show that the property at issue in the 1946 quiet title action was the same property that is at issue in this case.

Although appellants cast this as a legal issue, subject to *de novo* review, they are in fact challenging the sufficiency of the evidence to support the advisory jury's finding, adopted by the district court, that both actions involved the same property. Findings of Fact and Conclusions of Law, August 15, 2003, ¶¶ 5-17. There is no dispute about the operation of *res judicata* as a legal doctrine; appellants' claim of error goes to the facts, the evidence supporting the district court's findings of fact. The district court's finding that both actions involved the same property cannot be disturbed unless shown to be clearly erroneous.

In denying defendants' motion for judgment as a matter of law on this issue, the district court summarized its assessment of the evidence as follows:

> Each party was afforded the opportunity to present evidence that the property in question in the 1946 lawsuit was or was not the property in question in this action. Wheeler B. Boone testified it was the same property. He was there in 1946 when the dispute arose and testified it was the same property. The Warrens/Gibson heirs sought to convince the jury this was not correct by introducing opinion testimony from John Schneider of Vaughn & Helton Engineers. The jury was given a choice either to believe Boone or Schneider. They apparently believed Boone. Given that

> Boone was the only witness present during the 1946-48 dispute, the Court chose to follow the jury's advice when it issued.

Memorandum Opinion and Order, March 12, 2004, p. 7. Challenging this assessment, appellants merely reargue the significance of the proofs which the jury evaluated in making their advisory finding, insisting that John Schneider's testimony is entitled to greater weight than Wheeler Boone's.

We are obliged, in evaluating the sufficiency of the evidence to support the district court's fact-finding, to give due regard to the opportunity of the trial judge and advisory jury to view the witnesses and assess their credibility. *Reichle v. Reichle*, 719 S.W.2d 442, 444 (Ky. 1986). In light of the deference owed to the better informed judgment of the trial court, we hold that appellants have failed to carry their burden of demonstrating that the district court's finding is not supported by sufficient probative evidence. The finding that both actions involved the same property has not been shown to be clearly erroneous. The district court's ruling on the Boones' *res judicata* claim must therefore be upheld.

### III

Finally, appellants also challenge the district court's denial of their motion for judgment as a matter of law on the Boones' adverse possession claim. To establish title to property under Kentucky law by adverse possession for a period of at least 15 years, the Boones were required to satisfy each of the following elements: "(1) possession must be hostile and under a claim of right, (2) it must be actual, (3) it must be exclusive, (4) it must be continuous, and (5) it must be open and notorious." *Appalachian Reg'l Healthcare, Inc. v. Royal Crown Bottling Co.*, 824 S.W.2d 878, 880

(Ky. 1992). "[T]he character of the property, its physical nature and the use to which it has been put, determine the character of the acts necessary to put the true owner on notice of the hostile claim." *Appalachian*, 824 S.W.2d at 880.

The jury found that all five of the above elements were met by a preponderance of the evidence. The district court approved the verdict in awarding judgment to the Boones on their adverse possession claim. In denying the motion for judgment as a matter of law, the district court reviewed the evidence of adverse possession, determined that the jury had been properly instructed on the law and properly applied the law to the facts, and concluded the jury's verdict was supported by sufficient evidence. Memorandum Opinion and Order, March 12, 2004, pp. 7-9. The district court's assessment of the sufficiency of the evidence can be set aside only if shown to be clearly erroneous.

Appellants acknowledge that the Boones presented evidence of coal mining on the property from 1981 through 1985, evidence of logging on the property from 1983 through 1988, evidence of payment of taxes on the property from 1983 to 1998, and evidence of limestone mining on the property from 1988 to present. Yet, they contend this evidence is insufficient to demonstrate continuous hostile use of the property for 15 years. Appellants urge the court to focus on each of the above activities *individually*, citing case law for the proposition that each of them alone, being sporadic or continuing for less than 15 years prior to commencement of the action in 1998, is insufficient.

In its opinion denying the motion for judgment as a matter of law, the district court summarized the exhibits and testimony presented by the Boones in support of their adverse

possession claim. Considering the record evidence as a whole – not in piecemeal fashion, as the appellants would prefer – it cannot be said that the district court's assessment of the sufficiency of the evidence is clearly erroneous. Viewing the record as a whole and considering the character and history of ownership of the disputed property, it was not unreasonable for the jury to conclude that the Boones had openly evinced a purpose to hold dominion over the property with such hostility that would give any nonpossessory owner notice of their adverse claim. *Appalachian*, 824 S.W.2d at 880. Accordingly, appellants' challenge to the district court's judgment on the adverse possession claim is also overruled.

## IV

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.