RENDERED: FEBRUARY 24, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1396-MR

DENNIS MAYNARD AND PATRICIA
MAYNARD                                                                    APPELLANTS


                        APPEAL FROM MARTIN CIRCUIT COURT
v.                      HONORABLE JOHN DAVID PRESTON, JUDGE
                        ACTION NO. 19-CI-00189


HEATH PRESTON; JENNIFER L.
ENYART; AND JESSICA PRESTON                                 APPELLEES


                                OPINION
                                AFFIRMING

                            ** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; CALDWELL AND GOODWINE,
JUDGES.

GOODWINE, JUDGE: Dennis Maynard ("Dennis") and Patricia Maynard

(collectively "the Maynards") appeal an order of the Martin Circuit Court finding it

could not determine the location of a tract of land, but Heath Preston ("Heath") and

Jessica ("Jessica") Preston (collectively "the Prestons") were the owners of a

portion of a different tract of land by adverse possession. After careful review, finding no error, we affirm.

On November 6, 2019, the Maynards filed a petition to quiet title seeking a determination of the location of a 100' x 100' lot owned by the Maynards. The Maynards also asked the circuit court to establish the correct boundaries of the parties' respective properties. Essentially, the Maynards sought to have the Prestons' trailer removed from its location. The Maynards believed the Prestons' trailer was located on the 100' x 100' lot they purchased from the Prestons.

The Prestons filed an answer denying the allegations in the complaint and a counterclaim pleading adverse possession.

On September 20, 2021, the circuit court held a bench trial. The Maynards called as their first witness Dewey Bocook ("Bocook"), a professional engineer and land surveyor. His qualifications were stipulated to by the Prestons. "He testified he surveyed the property involved in this case." Record ("R.") at 201. Pertinent to this appeal, he testified, "The survey map clearly shows that the mobile home of [the Prestons] and a fence in front of the mobile home and to the west of the mobile home exceed the boundary of that tract." *Id.* Bocook testified that though "their property was not specifically surveyed," the Maynards own the property to the west of the Prestons.

Additionally, Bocook testified regarding the 100' x 100' lot the Prestons deeded to the Maynards on July 26, 2010. Bocook stated, "he was unable to locate that lot absent statements from persons with knowledge of the location of the lot." R. at 202. Although he stated that based on general description of the location of the lot in the deed, it was located on the lower end of the property.

Dennis presented his own testimony as proof of the location of the 100' x 100' lot. He testified he had lived on the property since he was 16 in 1974 when his father purchased their farm from Hazel Muncy. When Muncy deeded the property to Dennis' parents, she excepted out and retained ownership of a 100' x 100' lot at the lower end of the farm. Dennis testified that in July 2010, he purchased the 100' x 100' lot from the Prestons for $1,000, and that it was located at "the lower end of the property." *Id.* Dennis said "he and [Heath] located the property and put stakes in the ground. . . . [O]ne stake was near the front door of [the Prestons'] mobile home." *Id.* Dennis said he believed the Prestons were moving. "He believed it was where [the Prestons' trailer is now located]," and "he wants the mobile home moved." *Id.* On cross-examination, Dennis stated the Prestons' "chain link fence had been there for about fifteen years." *Id.*

Heath testified the fence was built around 1998 or 1999 and was there when they bought the property the trailer sits on. Heath stated he sold the 100' x 100' lot to Dennis for $1,000. He said he "understood that lot was up on the hill,

that it was intended for a cemetery, but that it was never used for a cemetery." R. at 203. Heath further testified "there was a fifteen foot right of way to that lot directly to the west of his chain link fence." *Id.* Heath testified he sold the property with the trailer "on land contract to Defendant Jennifer Enyart." *Id.* Enyart is a named defendant in the action, but she never appeared below or on appeal. He said there was no discussion of moving his trailer until he sold it, and then Dennis demanded he move it. Heath testified his trailer is fifty feet long.

Heath also testified regarding a separate civil action, no. 15-CI-00115, regarding the Prestons' 50' x 100' lot on which their trailer sits. On April 9, 2010, the Prestons purchased two 100' x 100' lots from Julie Osborne for a total of $30,000. On July 26, 2010, the Prestons conveyed one of the two lots to the Maynards. On August 7, 2015, Virginia Robinson filed suit against the Prestons asserting ownership of half, or 50' x 100' of the second lot. She owns a one-story building on that lot. The parties settled by an agreement to split the lot into two 50' x 100' lots with the Prestons owning one and Robinson owning the other.

Jessica also testified the fence was built in 1998 or 1999 and was there when they bought the property. She also believed the 100' x 100' lot "was behind them on the hill." R. at 204.

At the end of the bench trial, the circuit court orally entered a judgment in favor of the Prestons.

On September 21, 2021, the circuit court entered findings of fact, conclusions of law, and judgment. The circuit court's findings were based on Bocook's uncontroverted testimony. It found the Prestons' mobile home, shed, and a portion of the chain link fence are located on the Maynards' property according to Bocooks uncontested testimony. The circuit court also found there was "insufficient evidence to allow the Court to determine the actual location of the [100' x 100'] lot in question." R. at 205. Further, the circuit court found the Prestons' mobile home and chain link fence had been in their present location "for a period in excess of fifteen years." *Id.* The court found it was unable to determine any boundary line from a deed description affecting the property in question because Bocook did not survey the Maynards' property.

Based on these findings, the circuit court could not determine the location of the 100' x 100' lot. It determined the boundaries of the other two lots in question, and concluded the Prestons adversely possessed a portion of the Maynards' property. The Prestons' mobile home, shed, and chain link fence were partially located on what would otherwise be the Maynards' property. Thus, the circuit court concluded "the extent of the property adversely possessed by [the Prestons] will extend to the westward boundary of the chain link fence placed on the property in question." R. at 206.

The Maynards filed a motion to alter, amend, or vacate the judgment, which the circuit court denied. This appeal followed.

Before we reach the Maynards' arguments, we must first address briefing issues. The Prestons failed to file an appellee brief, and the Maynards' brief is deficient. RAP[1] 31(H)(3), which recently replaced CR[2] 76.12, provides penalties for an appellee's failure to file a brief:

> If the appellee's brief has not been filed within the time allowed, the court may: (a) accept the appellant's statement of the facts and issues as correct; (b) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (c) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case.

Though we can side with the Maynards, their brief is deficient. RAP 32(A)(4) requires an appellant's argument to contain "citations of authority pertinent to each issue of law." The Maynards' brief fails to cite any law in support of their arguments. However, the Maynards' brief does contain ample specific references to the record as required by RAP 32(A)(3) and (4). Although the Maynards are "obviously dissatisfied with the trial court's decision, threadbare recitals of the elements of a legal theory, supported by mere conclusory statements, form an insufficient basis upon which this Court can grant relief." *Jones v.*

---

[1] Rules of Appellate Procedure.

[2] Kentucky Rules of Civil Procedure.

*Livesay*, 551 S.W.3d 47, 52 (Ky. App. 2018). We caution the Maynards that "[a] brief may be stricken for failure to substantially comply with the requirements of these rules." RAP 31(H)(1).

Without a brief from the Prestons and essentially no legal argument from the Maynards, we are left with the Maynards' thorough recitation of the facts and the record. The Maynards' recitation of the facts generally conforms with the video record, and the circuit court's judgment, so we elect to accept the Maynards' statement of facts and issues as correct and proceed with our review.

On appeal, the Maynards urge this Court to set aside the circuit court's findings of fact. They argue: (1) a preponderance of the evidence shows the 100' x 100' lot they purchased from the Prestons is where the Prestons' trailer is located; and (2) because the Prestons' trailer is on that lot, the finding they own part of it by adverse possession is clearly erroneous.

First, the Maynards argue a preponderance of the evidence supports a finding that the 100' x 100' lot they purchased from the Prestons is where the Prestons' trailer is located. Again, the Maynards cite no law in support of this contention. In reviewing a fact issue, we apply the following standard:

> [We can only] set aside the trial court's findings only if those findings "are clearly erroneous. And, the dispositive question that we must answer, therefore, is whether the trial court's findings of fact are clearly erroneous, i.e., whether or not those findings are supported by substantial evidence. "[S]ubstantial

-7-

evidence" is "[e]vidence that a reasonable mind would accept as adequate to support a conclusion" and evidence that, when "taken alone or in the light of all the evidence, . . . has sufficient probative value to induce conviction in the minds of reasonable men." Regardless of conflicting evidence, the weight of the evidence, or the fact that the reviewing court would have reached a contrary finding, "due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses" because judging the credibility of witnesses and weighing evidence are tasks within the exclusive province of the trial court. Thus, "[m]ere doubt as to the correctness of [a] finding [will] not justify [its] reversal," and appellate courts should not disturb trial court findings that are supported by substantial evidence.

*Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003) (footnotes omitted).

Below, the Maynards' expert witness, Bocook, did not give an opinion on the exact location of the 100' x 100' lot, but it was somewhere on the lower end of the property. Dennis testified the Prestons' trailer was located on the 100' x 100' lot. Heath testified the lot was located up on the hill. Based on this conflicting evidence, the circuit court found it could not determine the location of the 100' x 100' lot. However, based on Bocook's testimony, the Prestons' trailer was not located on the 100' x 100' lot, but was instead partially on the 50' x 100' lot owned by the Prestons and a lot owned by the Maynards. The circuit court weighed the evidence and determined Bocook's expert testimony was the most credible. Though we might have reached a different conclusion, we will not

disturb the circuit court's factual findings as they are supported by substantial evidence.

Based on this finding, the circuit court determined the facts supported the legal conclusion that the Prestons adversely possessed the portion of the Maynards' property on which the Prestons' trailer sits. On appeal, the Maynards argue, without citing any legal authority, that no evidence supported a finding of adverse possession.

We review conclusions of law *de novo*. *Bishop v. Brock*, 610 S.W.3d 347, 350 (Ky. App. 2020). The Prestons were required to prove the following five elements to own by adverse possession what is otherwise the Maynards' property: "1) possession must be hostile and under a claim of right, 2) it must be actual, 3) it must be exclusive, 4) it must be continuous, and 5) it must be open and notorious." *Appalachian Regional Healthcare, Inc. v. Royal Crown Bottling Co., Inc.*, 824 S.W.2d 878, 880 (Ky. 1992) (citing KRS[3] 413.010; *Tartar v. Tucker*, 280 S.W.2d 150, 152 (Ky. 1955)). "Further, '[t]hese common law elements of adverse possession must all be maintained for the statutory period of fifteen years, and it is the claimant's burden to prove them by clear and convincing evidence.'" *Bishop*, 610 S.W.3d at 350 (quoting *Moore v. Stills*, 307 S.W.3d 71, 77-78 (Ky. 2010)). Additionally, "[p]hysical improvements, such as fences,

---

[3] Kentucky Revised Statutes.

buildings, and the like, are good indicators of a claimant's intent to hold property adversely." *Id.* at 351.

The circuit court did not refer to any legal precedent in concluding the Prestons adversely possessed a portion of the Maynards' property. However, we review conclusions of law *de novo* and previously upheld the circuit court's factual findings. Here, the circuit court determined the boundaries of the Prestons' tract of land and the Maynards' tract based on Bocook's map and testimony. The circuit court found the Prestons' "mobile home and shed . . . and a portion of the chain link fence . . . are not located on the property conveyed to the [Prestons] . . . and are located, by deed, on the property of the" Maynards. R. at 204. The circuit court further found the Prestons' mobile home, shed, and fence had been in their present location for more than fifteen years.

Kentucky courts are "reluctant to interfere" with long-established boundary lines, even if their exact location is unknown or in dispute:

> It is well-established that if adjoining landowners occupy their respective premises up to a certain line which they mutually recognize and acquiesce in for a long period of time – usually the time prescribed by the statute of limitations – they are precluded from claiming that the boundary line thus recognized and acquiesced in is not the true one. "In other words, such recognition of, and acquiescence in, a line as the true boundary line, if continued for a sufficient length of time, will afford a conclusive presumption that the line thus acquiesced in is the true boundary line."

-10-

*Id.* at 352 (quoting *Elsea v. Day*, 448 S.W.3d 259, 265 (Ky. App. 2014)).

The circuit court's factual findings support a legal conclusion that the Prestons adversely possessed a portion of the Maynards' property extending to the westward boundary of the Prestons' chain link fence. Despite Dennis's dissatisfaction with this outcome, he acquiesced or mutually recognized the fence as a boundary line for more than fifteen years. Dennis admitted on cross-examination that the chain link fence had been there for about fifteen years. He stated Lonnie Jude built the fence and put his trailer there. The Maynards cited no legal authority in support of their argument to persuade us otherwise. Thus, we affirm the circuit court's conclusion that the Prestons adversely possessed a portion of the Maynards' property.

ALL CONCUR.

BRIEF FOR APPELLANTS:                    NO BRIEF FOR APPELLEES.

Don A. Bailey
Louisa, Kentucky