RENDERED: SEPTEMBER 1, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1241-MR

JOSEPH B. ROBINSON, JR. AND
SHARON J. ROBINSON                                                    APPELLANTS


v.          APPEAL FROM BOYLE CIRCUIT COURT
            HONORABLE JEFF L. DOTSON, JUDGE
            ACTION NO. 20-CI-00250


JERRY R. LYNN AND SANDRA
LOVETT MITCHELL                                                        APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, ECKERLE, AND GOODWINE, JUDGES.

GOODWINE, JUDGE:  Jerry R. Lynn ("Lynn") filed a petition seeking to quiet

his title.  Joseph B. Robinson, Jr., and Sharon J. Robinson ("the Robinsons") filed

an answer and counterclaim for adverse possession of a portion of Lynn's property

along the border of their property.  The Boyle Circuit Court granted summary

judgment in favor of Lynn and entered a judgment quieting title and awarding

damages to Lynn. After careful review of the record and applicable law, finding no error, we affirm.

## BACKGROUND

On December 16, 2019, Lynn purchased a parcel of land identified as 61 Grubbs Lane from Sandra Lovett Mitchell ("Mitchell"). Prior to the sale to Lynn, Mitchell acquired the property from her mother, Ruth Lovett ("Lovett") on May 19, 2016. Lovett had owned 61 Grubbs Lane since the 1980s.

Lynn purchased the property to build on the lot, but he asserted his building project was delayed by the Robinsons' adverse possession claim. Thus, Lynn filed a petition in the Boyle Circuit Court to quiet title to the property.

The Robinsons filed a verified answer and counterclaim. They claimed they became record owners of the adjoining property, 71 E. Grubbs Lane, in 1994, and they have been "in the actual possession of a tract of land on the eastern boundary of their real property which touches the western boundary of [Lynn's] real property . . . constituting and [sic] set off by a driveway and a drainage ditch, and all land west of the drainage ditch." Record ("R.") at 34. The Robinsons acknowledged Lynn's deed and the survey performed on behalf of Lynn speak for themselves. R. at 25, 26. However, the Robinsons denied that Lynn's property included the drainage ditch and any real property west of the drainage ditch. *Id.*

The Robinsons made a counterclaim for adverse possession under KRS[1] 413.010 asserting they had "uninterrupted adverse possession of the real property from and including the drainage ditch that has divided the two neighboring properties since the early 1970s, as well as all real property west of the drainage ditch." R. at 31. The counterclaim alleges the land west of the drainage ditch has a marked boundary, but their answer states Lynn's parcel has no clearly marked boundaries. R. at 35, 32.

Nine months after filing suit, Lynn deposed three witnesses all of whom claimed the drainage ditch appeared after Mitchell obtained title to 61 Grubbs Lane in 2016. The Robinsons did not take any depositions.

Almost one year after taking depositions, Lynn filed a motion for summary judgment on the Robinsons' counterclaim for adverse possession. Lynn argued the Robinsons failed to meet the requirements to prove adverse possession, and their use of the land was permissive. The Robinsons' response to the motion relied on the allegations in their answer and counterclaim and their own affidavits. Though not mentioned in their answer and counterclaim, in their response, the Robinsons argued they made two physical improvements between the driveway on the border of their property and the drainage ditch. First, the Robinsons widened their driveway to use for parking, which is referred to as a parking pad. The

---

[1] Kentucky Revised Statutes.

parking pad is on the allegedly adversely possessed land. Second, the Robinsons repurposed a bathtub as a flower planter, which was placed on the allegedly adversely possessed land in 1997.

On July 8, 2022, the circuit court granted Lynn's motion for summary judgment. The circuit court found that the Robinsons failed to meet the burden of proving all elements of KRS 413.010 for fifteen years. The court found that the flower planter and parking pad were not substantial activities that gave rise to adverse possession. The court's judgment did not make a finding of permissive use.

Subsequently, Lynn filed motions to enter judgment to quiet title, award damages for loss of use of real property and costs and attorney's fees, and appoint a special master commissioner. On September 20, 2022, the circuit court entered an order quieting title, awarding Lynn costs incurred, and granted the motion for a special master commissioner. The circuit court denied the other motions. This appeal followed.

On appeal, the Robinsons argue: (1) they met all five elements of adverse possession; (2) permissive use is a question of fact for a jury to decide; and (3) their affidavits were not flawed by failing to include a recitation of the elements for adverse possession because that is inappropriate under Kentucky law.

## STANDARD OF REVIEW

In reviewing a property title dispute, our standard of review "is to determine 'whether or not the trial court was clearly erroneous or abused its discretion[.]'" *Vick v. Elliot*, 422 S.W.3d 277, 279 (Ky. App. 2013) (quoting *Phillips v. Akers*, 103 S.W.3d 705, 709 (Ky. App. 2002)). Additionally, "[w]e will not set aside factual findings of the trial court 'unless they are clearly erroneous, that is not supported by substantial evidence.'" *Id.* (quoting *Phillips*, 103 S.W.3d at 709).

## ANALYSIS

The Robinsons argue they met all five adverse possession elements. Under Kentucky law, the Robinsons were required to prove all of the following "before adverse possession will bar record title: 1) possession must be hostile and under a claim of right, 2) it must be actual, 3) it must be exclusive, 4) it must be continuous, and 5) it must be open and notorious." *Moore v. Stills*, 307 S.W.3d 71, 77 (Ky. 2010) (quoting *Appalachian Regional Healthcare, Inc. v. Royal Crown Bottling Company, Inc.*, 824 S.W.2d 878, 880 (Ky. 1992)). Additionally, the Robinsons were required to maintain all the common law elements of adverse possession "for the statutory period of fifteen years, and it is the claimant's burden to prove them by clear and convincing evidence." *Id.* at 78 (citation omitted); KRS 413.010.

First, the Robinsons argue that the construction, maintenance, and use of the parking pad and flower planter that crossed onto Lynn's property fulfill the "hostile" requirement. We note that the Robinsons seem to abandon any argument regarding the drainage ditch as a boundary to satisfy this requirement. "Absent proof that the possessor made physical improvements to the property, such as fences or buildings, there must be proof of substantial, not sporadic, activity by the possessor." *Phillips*, 103 S.W.3d at 708. The circuit court found the Robinsons' affidavits, the only evidence they submitted in support of their response to Lynn's motion for summary judgment, did not contain statements to prove their possession of the land was hostile or under a claim of right. The Robinsons' affidavits merely state they did not have permission from Mitchell or Lovett to use the land on which the parking pad and planter sat. Lack of permission does not meet the legal standard to satisfy the hostile requirement.

In *Vaughan v. Holderer*, 531 S.W.2d 520, 522 (Ky. 1975), the Supreme Court of Kentucky found possession was not hostile because a fence between two lots did not cut off the true owner's access to the property:

> The evidence of record does not show that appellee has ever occupied and possessed lot number seven in an open and hostile manner against the claim of all other persons. Lot number seven joined her property with no visible boundary marking. The fact that her father paid taxes on the property and that she cut the grass over a number of years does not constitute adverse possession that will ripen into title. *Kentucky Women's Christian*

-6-

> *Temperance Union v. Thomas*, Ky., 412 S.W.2d 869
> (1967). The fence which was erected between lots
> numbers six and seven did not enclose the property and
> the record title holder was never cut off from access to or
> use of his property by act of the appellee.

Here, the parking pad and bathtub planter did not cut off Lynn's access or use of the property. The Robinsons did not maintain the land or pay property taxes. Thus, we agree with the circuit court that the Robinsons' use of the property was not "hostile."

Second, the Robinsons argue their possession was "actual" because the flower planter and parking pad are physical alterations that were on Lynn's property longer than the required statutory period. "[O]ne in adverse possession without color of title must indicate the extent of his claim by well-defined boundaries." *Appalachian Regional Healthcare, Inc.*, 824 S.W.2d at 880. The circuit court found that a "bathtub planter and the parking pad area . . . are not permanent structures such as a fence, a home, or outbuildings on a portion of land that constitute a clearly defined boundary giving the title landowner notice the possessor intends to take this land as his own under *Tarter v. Tucker*, 280 S.W.2d 150 (1955)." We agree. A bathtub planter and a parking pad are not permanent structures that amount to actual possession under Kentucky case law.

Third, the Robinsons argue that their possession of a portion of Lynn's property was "exclusive" because the lot is vacant. The circuit court found

their possession was not "exclusive" because "[t]hese activities indicate that both parties were treating the land in the manner consistent with that of a landowner as defined in *Scott v. Hedrick*, [No. 2009-CA-000243-MR, 2010 WL 743758 (Ky. App. Mar. 5, 2010)]." R. at 207.

Use is exclusive when "all persons found upon the property without permission were 'put off' the property." *Moore*, 307 S.W.3d at 90. There is no evidence that the Robinsons kept other persons off the property. The Robinsons never instructed the Lovetts or their agents not to go on the land or cease mowing and caring for it. They did not erect a fence to keep other persons off the land. Thus, the Robinsons' use of the property did not meet the exclusivity requirement.

Fourth, the Robinsons argue that their possession of a portion of Lynn's property was "continuous" because their parking pad and flower planter have been on Lynn's lot for longer than the statutory period of fifteen years. KRS 413.010. The circuit court did not explicitly find that using the parking pad and flower planter was continuous for fifteen years because the Robinsons' affidavits failed to provide any affirmative evidence to establish the other four elements of adverse possession. The Robinsons allege they maintained and used the driveway for over fifty years but did not differentiate between the driveway and the parking pad. They also alleged that the flower planter had been used on Lynn's property since 1997. Though the parking pad and flower planter may have been

-8-

continuously used for over fifteen years, the Robinsons failed to satisfy the other four elements of adverse possession. Satisfaction of all five elements is required to establish adverse possession. *Moore*, 307 S.W.3d at 77. Therefore, even if the Robinsons continuously used the parking pad and flower planter for over fifteen years, their claim for adverse possession still fails.

Fifth, the Robinsons argue their possession of a portion of Lynn's property was "open and notorious" because the flower planter and parking pad are physical alterations that were on Lynn's property longer than the required statutory period. "The 'open and notorious' element requires that the possessor openly evince a purpose to hold dominion over the property with such hostility that will give the nonpossessory owner notice of the adverse claim." *Appalachian Regional Healthcare, Inc.*, 824 S.W.2d at 880 (citing *Sweeten v. Sartin*, 256 S.W.2d 524, 526 (Ky. 1953)). Though the Robinsons' parking pad and planter were openly on Lynn's property, the use of the property was not hostile. The Robinsons only used a small sliver of Lynn's property, and there was no fence or any actions taken to prevent Lynn from using the property. Thus, the Robinsons' parking pad and planter on Lynn's property do not meet the "open and notorious" requirement.

Below, the circuit court's analysis focused on the drainage ditch as the Robinsons' counterclaim asserted adverse possession of "all land west of the drainage ditch." R. at 204. The circuit court found the Robinsons failed to

establish they adversely possessed a sliver of Lynn's property for fifteen continuous years. Images from the Boyle County Property Value Administrator's records show the drainage ditch did not exist on December 1, 2009. Lynn acquired the property on December 16, 2019. Without conflicting evidence from the Robinsons, the circuit court found "the Robinsons could have only possessed that area of the real property for approximately 12.5 years." R. at 206-7.

Additionally, even if the parking pad and bathtub planter were on Lynn's property for the statutory period, their presence on the land only satisfies the continuous use requirement. It fails to satisfy the other four elements of adverse possession. Therefore, the circuit court correctly found that the Robinsons did not adversely possess the portion of Lynn's property on which the parking pad and planter sit.

Next, the Robinsons argue that whether the use of the property was permissive is a question of fact for a jury to decide. Though Lynn argued in his motion for summary judgment that Mitchell and Lovett gave the Robinsons permission to use the land, the circuit court's summary judgment was not based on a finding of permissive use. Instead, the circuit court applied the elements of adverse possession to the facts presented and concluded that the Robinsons did not adversely possess the property.

Finally, the Robinsons argue that their affidavits were not flawed by failing to include a recitation of the elements for adverse possession because that is inappropriate under Kentucky law. Lynn does not address this argument in his response brief. The circuit court found that "the Robinsons' responsive Affidavits failed to prove either hostile or exclusive possession of the real property, and they have failed to prove that possession of a period of 15 years." R. at 208. Though the Robinsons are correct that "affidavits shall be made on personal knowledge," their argument is misplaced. Appellant's Brief at 18. The circuit court did not find the Robinsons' affidavits lacking for failure to recite the elements of adverse possession. Instead, the circuit court found that the Robinsons' affidavits did not contain affirmative evidence that satisfied all elements of their adverse possession claim. In conclusion, the circuit court's findings of fact were not clearly erroneous, and it did not abuse its discretion in granting summary judgment in Lynn's favor.

## <u>CONCLUSION</u>

For the foregoing reasons, we affirm the judgment of the Boyle Circuit Court.

ALL CONCUR.

-11-

BRIEFS FOR APPELLANTS:                BRIEF FOR APPELLEES:

Brendan J. Shelvin                    H. Vincent Pennington, III
Danville, Kentucky                    J. Hadden Dean
                                      Danville, Kentucky