## City of Hartford v. Nall, et al.

(Decided June 16, 1911.)

### Appeal from Ohio Circuit Court.

1. Adverse Holding—Where a Party prior to 1850 was shown to have enclosed and occupied a portion of a city's street and to have continued in such possession thereof for twenty or twenty five years, this was sufficient proof of an adverse holding in the absence of evidence to the effect that his holding was amicable.

2. Adverse Possession—Acceptance of Deed—Abandonment—A party holding land adversely does not abandon such holding by the acceptance of a deed the plain purpose of which was to vest the grantee with title to the land so adversely held.

3. Petition—Defect—Cured by Verdict.—Where the petition asserts damages to land claimed to have been enclosed and held adversely to a city, failed to state that it had been so held for a

period of fifteen years prior to the passage of the Act of 1873, requiring written notice of an adverse holding of a city's streets, alleys or other public easements, but the evidence heard without objection showed such adverse holding for over fifteen years, and the question of adverse holding for a period of fifteen years was properly submitted to the jury and decided in favor of plaintiff, the error in the petition was cured by the verdict.

GLENN & SIMMERMAN and G. B. LIKINS for appellant.

H. P. TAYLOR, M. L. HEAVRIN and E. M. WOODWARD for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Appellees, Maggie Nall and others, brought this action against the Madisonville, Hartford & Eastern Railroad Company and the City of Hartford, to recover damages for trespass. The trial court awarded the railroad company a peremptory instruction, and the jury returned a verdict in favor of appellees, against the City of Hartford, for the sum of $750.00. From the judgment based thereon, the City of Hartford appeals.

The appellees own a house and lot on the corner of Walnut and Main streets in the City of Hartford. In the year 1909 the city council of that city determined to improve that part of Main and Walnut streets adjoining the property of appellees, for the purpose of making an easier grade to the depot of the Madisonville, Hartford & Eastern Railroad Company. The city claimed that appellees had a portion of Main street, formerly called Market street, and of Walnut street under fence. Notice was given them to remove their fence from each of said streets. Appellees refused to do this, and the city, through its employes, entered upon their premises in front of each of these streets. In making the excavation for the purpose of improving the grade, appellant's employes removed about twelve feet of earth, six or eight feet high. In doing this, appellees' fences were entirely destroyed and their shade trees just outside and inside the fence were dug up and carried away, and their residence, well and coal house undermined. One S. S. May had a contract to make a fill on the lot on which was located the railroad depot building. The city, desiring the grade of Main and Walnut streets cut down, contracted with May to do the work. The city was also having a fill made where Walnut and Liberty streets ap-

proached the depot lot of the railroad company. May claims that none of the dirt taken from the strip of land claimed by appellees on Main and Walnut streets was placed on the lot of the railroad company, but went in the streets adjacent to said lot. There is some evidence, however, to the effect that a portion of the dirt was placed upon the railroad company's right of way.

It is first insisted by appellant that either the demurrer to the petition should have been sustained, or its motion for a judgment notwithstanding the verdict should have been sustained. Since the year 1873, in order to hold adversely the streets, alleys or other public easements of a municipality, notice in writing of such holding and of the intention to hold and claim against the municipality must be given to the proper city authorities. (Section 2546, Ky. Stats.; Bosworth v. City of Mt. Sterling, 12 Ky. Law Rep., 157; Davis v. City of Clinton, 25 Ky. Law Rep. 2021.) The petition states that the appellees had held the land in controversy adversely and under an enclosure for more than fifty years. Suit was filed in 1910. It is, therefore, claimed that the petition alleges an adverse holding for only fifty years and one day prior to the bringing of the suit which would make the adverse holding begin in 1860, and that from that time to the passage of the act in 1873, requiring written notice of an adverse holding, fifteen years had not elapsed. Upon the trial of the case, however, the evidence shows that for twenty or twenty-five years prior to the year 1873, appellees and those through whom they claimed had had that portion of their lot, claimed to be a part of the city's streets, enclosed by a fence. As this evidence was received without objection, and as one of the issues submitted to the jury was the question of adverse possession for fifteen years prior to 1873, we conclude that the defect in the petition was cured by the verdict in favor of appellees. (Hill v. Ragland, 114 Ky., 209.)

It is next insisted that, because there was no evidence to the effect that those through whom appellees derive title made any claim to that part of their lot alleged to be portions of the streets referred to, the evidence is not sufficient to show an adverse holding on their part. While it is true that the character of a person's holding of land may be shown to be amicable, we conclude that, where the person holding has actually enclosed the land, and is

using and occupying it as his own, these facts in and of themselves are sufficient, in the absence of evidence tending to show the contrary, to establish an adverse holding on his part. In this case, appellees' grandfather, John G. Nall, acquired a homestead before the year 1850. He held it until the year 1856. His wife and heirs then occupied the premises until about 1880. After that time appellees still continued in possession of the premises. A year or two later an action was instituted for the settlement of the estate of John G. Nall, appellees' grandfather. In that action, lot No. 92, which is also described as the homestead of John G. Nall, was sold to John E. Pendleton, one of Nall's heirs. In the year 1890, Pendleton and wife sold to appellees the lot of ground now owned by them. In this deed the land is described as part of town lot No. 92, as per plat of the town of Hartford, Kentucky, beginning at the northwest corner of said lot No. 92, corner of Market street and Cherry Alley; running then with Cherry Alley eastwardly 30 feet; thence at right angles 214½ feet southerly to Walnut; thence westwardly with Walnut street to Market; thence with Market street 214½ feet to the beginning.

For appellant it is claimed that appellees, by the acceptance of this deed, abandoned that part of the streets they were holding adversely, and thereafter held under the deed. It is evident, however, that Pendleton bought the Nall homestead, and that the purpose of that deed was to convey the Nall homestead and all the land embraced therein. It is also plain, that appellees, by their deed, acquired that portion of the Nall homestead lying on the corner of Walnut street, Main street and Cherry Alley. We, therefore, conclude that their acceptance of the deed did not constitute an abandonment of whatever claim they had to the land by adverse possession. On the contrary, we think the purpose of the deed was to convey the land adversely held.

Lastly, it is insisted that the verdict of $750.00 is excessive. In view of the fact, however, that there was evidence tending to sustain a verdict for this amount, and of the further fact that the jury, themselves, viewed the premises and saw the extent of the damage, we are not inclined to disturb their finding.

There being no cross-appeal from the judgment in favor of the Madisonville, Hartford & Eastern Railroad Company, either by appellee' or the City of Hartford, the

question of the propriety of the court's action in directing a verdict in favor of that company is not before us.

Perceiving no error in the record prejudicial to the substantial rights of appellant, the judgment is affirmed.