## Board of Council of the City of Frankfort v. Capital Trust Company, et al.

(Decided November 17, 1925.)

### Appeal from Franklin Circuit Court.

Adverse Possession—Possession of Lot Openly and Notoriously for More than 15 Years Prior to Year 1873 Held to have Ripened into Title.—Where house had been built on lot, through which street, as laid out in original map of city, extended, and house had been occupied openly, notoriously, and adversely for more than 15 years prior to year 1873, held that Ky. Stats., section 2546, requiring written notice of adverse holding did not apply, and possession had ripened into title.

T. B. McGREGOR for appellee Capital Trust Company.

JOHN S. CARROLL for appellee Carroll.

Opinion of the Court by Judge McCandless—
Affirming.

The Capital Trust Company, as trustee for the heirs
of T. L. Edelen, deceased, contracted in writing to sell
Hon. John D. Carroll a residence and lot fronting Ewing
street and running back to a line near a ravine at the
end of Third street in the city of Frankfort.

A question arose as to the right of the city in the
property and to test that question the trust company
brought this suit for specific performance, making the
city a party. Ewing street extends north and south at
the western limits of the city; Conway is the next parallel
street. Between the two is a deep ravine running in the
same direction as those streets, along the eastern bound-
ary of the property in question. Third street runs east
and west and intersects Conway and as opened and used
extends to the ravine mentioned. The residence is near
the center of the lot and in the line of the street if ex-
tended.

It is conceded that as laid out in the original map
of the city of Frankfort in 1796, Third street extended
through this property to Ewing street, and as to this
part of the street plaintiff claims title by adverse pos-
session. In the pleadings the city raises an issue on this
question, but the uncontradicted proof is that the city
has never opened or used Third street beyond the ravine
mentioned and that prior to the year 1853 one Jack
Hanna erected a residence upon the lot in controversy,
on the site of the present residence, and also enclosed the
entire lot with a fence which ran along the western edge
of the ravine. In the year 1853 he conveyed this to Mrs.
Maria Church. Mrs. Church occupied it from 1853 to
1857, when she sold it to Mrs. Jane Page, who occupied
it until 1892, when it was sold to T. L. Edelen, who re-
built on the same site and occupied it as a residence
until his death in the present year. During all that time
the entire lot was enclosed by fences and its occupants
were claiming it openly, notoriously and adversely, and
it thus clearly appears that their possession had con-
tinued for more than 15 years prior to the year 1873.
Therefore the provisions of section 2546 of the Ky. Stat-
utes requiring written notice of the adverse holding
to be given to the city in order to start the statute of
limitation did not apply and the possession had ripened

into title before the enactment of that statute. Dudley v. Trustees of Frankfort, 12 B. M. 610; Alves v. Henderson, 16 B. M. 131; Bosworth v. City of Mt. Sterling, 12 L. R. 159; City of Hartford v. Nall, 144 Ky. 259. Also the possession has been continuous since that time, and no right acquired by Mrs. Church has been lost by any of the subsequent owners. It follows that the city of Frankfort has not manifested any right, title or interest in or to any portion of the lot, and as against it plaintiff's title is good and sufficient. Such was the ruling of the lower court and it did not err in adjudging that John D. Carroll shall accept the deed tendered to him by plaintiff.

Other questions are raised which are not necessary to a determination of the issue between the parties to this suit and as to them the court expresses no opinion.

Wherefore, perceiving no error, the judgment is affirmed.