RENDERED: MARCH 22, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0689-MR

GARRY L. SETTLE; GK1
PROPERTIES, LLC; AND KELLEE K.
SETTLE                                                                     APPELLANTS


APPEAL FROM BULLITT CIRCUIT COURT
v.        HONORABLE RODNEY DARREL BURRESS, JUDGE
ACTION NO. 17-CI-00688


BETTY W. PORTER                                                           APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND CALDWELL, JUDGES.

THOMPSON, CHIEF JUDGE: Garry L. Settle, GK1 Properties, LLC, and Kellee

K. Settle ("Appellants") appeal from an order of the Bullitt Circuit Court granting

partial summary judgment in favor of Betty W. Porter ("Appellee"). Appellants

argue that the circuit court erred in granting Appellee's motion for partial summary

judgment because material facts remain for adjudication. After careful review, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

Appellants own a commercial building located at 314 S. Buckman Street in Shepherdsville, Kentucky. It was purchased from Roy Gene Troutman in 2016.[1] Appellants' building shares a common wall with a building situated at 318 S. Buckman Street, which is owned by Appellee.

Appellee's parcel at 318 S. Buckman Street was previously owned jointly by herself and her husband, Chester Porter, until his death. Before that, it was owned by B.W.P., Inc., a corporate entity for which Appellee served as president. Thus, Appellee or her predecessor corporate entity owned the 318 S. Buckman Street parcel since 1975.

At the time of Appellants' purchase of 314 S. Buckman Street, a dispute arose as to the ownership of a small strip of land directly behind Appellants' parcel. Prior to Appellants' purchase of 314 S. Buckman Street, as well as at the time of purchase, the strip of land was enclosed by a wooden fence and gate. It is undisputed that both prior to and subsequent to Appellants' purchase of 314 S. Buckman Street, Appellee had sole control over the gate and fence.

---

[1] Title to the parcel appears to have been transferred to GK1 Properties the following year.

-2-

Evidence was adduced that Appellee exclusively controlled the disputed area since at least 1988, and possibly back to 1975.

In 2017, Appellants removed the gate that was previously erected and controlled by Appellee. In response, Appellee filed the instant action in Bullitt Circuit Court seeking a declaratory judgment awarding her fee simple title to the disputed area.[2] As a basis for her claim, Appellee argued entitlement to the disputed area via adverse possession.

Discovery followed, resulting in Appellee filing a motion for partial summary judgment.[3] In the motion, Appellee asserted that she proved the elements of adverse possession by undisputed evidence that she owned and occupied 318 S. Buckman since 1975, and erected and maintained a fence around the disputed area in an open and notorious manner in excess of the statutory period. She argued that no evidence was adduced to the contrary.

After considering the record and the arguments of counsel, the circuit court entered an order on January 23, 2020, granting Appellee's motion for partial summary judgment. In support of the order, the circuit court found that Appellee met each of the elements of adverse possession per *Vick v Elliot*, 422 S.W.3d 277

---

[2] The disputed area was that portion of the strip of land running behind 314 S. Buckman Street.

[3] Appellee's complaint also set out claims for trespass, conversion, property damage, punitive damages, and injunctive relief. These claims were not addressed in Appellee's motion for partial summary judgment.

279-80 (Ky. App. 2013).  The court found that Appellee's possession of the disputed area via a fence and locked gate was actual; open and notorious; exclusive; and, continuous for the fifteen-year statutory period.[4]  The "open and notorious" possession, it found, evinced Appellee's purpose to hold dominion over the disputed property with such hostility that the non-possessor, *i.e.*, Appellants, were placed on notice of the adverse claim.  The court went on to note that while Appellants purportedly had access to the disputed area via a window or door, there were no steps leading down from the door to the fenced area.  This appeal followed.[5]

## STANDARD OF REVIEW

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Kentucky Rules of Civil Procedure ("CR") 56.03.  "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor."  *Steelvest, Inc. v.*

___

[4] Kentucky Revised Statutes ("KRS") 413.010.

[5] This matter was previously appealed in No. 2020-CA-0278-MR.  That appeal was dismissed based on Appellants' failure to appeal from a final order.  The order of partial summary judgment entered on January 23, 2020, was then made final and appealable by way of an order of the Bullitt Circuit Court entered on May 8, 2023.

-4-

*Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. *Id.* "Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact." *Id.* Finally, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

## ARGUMENTS AND ANALYSIS

Appellants argue that the Bullitt Circuit Court erred in granting partial summary judgment in favor of Appellee. Specifically, they argue that a genuine issue of material fact exists as to the beginning date of Appellee's adverse possession. On one hand, they note that Appellee owned 318 S. Buckman Street since 1975, and that Appellee claimed that the adverse possession began many years before Appellants' purchase of 314 S. Buckman Street. On the other hand, Appellants argue that no adverse possession existed until May 2017, at which time the Appellee's tenant advised Appellants not to come on the property behind their building, and barred Appellants' surveyor from coming onto the property to complete his survey. Appellants also assert that Troutman, the prior owner of 314

-5-

S. Buckman Street, stated that there was an agreement between the prior owners of the parcels regarding usage of the disputed area. Appellants argue that this creates a genuine issue of material fact as to when Appellee's adverse possession of the dispute area commenced.

> To quiet title by way of adverse possession, the claimant must demonstrate by clear and convincing evidence possession of disputed property under a claim of right that is hostile to the title owner[']s interest. The possession must be shown to be actual, open and notorious, exclusive, and continuous for a period of fifteen years. To constitute "open and notorious" possession, the possessor must openly evince a purpose to hold dominion over the property with such hostility that will give the non-possessory owner notice of the adverse claim.

*Vick*, 422 S.W.3d at 279-80 (internal quotation marks, footnote, and citations omitted).

The sole question raised by Appellants is whether a genuine issue of material fact exists as to when Appellee's adverse possession commenced. After closely examining the record and the law, we must answer this question in the negative. The Bullitt Circuit Court found that Appellee owned 318 S. Buckman Street since 1975; that Troutman's affidavit dated September 30, 2019, stated that the disputed area has always been controlled by Appellee's husband, Chester Porter, and/or Appellee; that a fence was constructed around the disputed area many years prior to Appellants' purchase of 314 S. Buckman Street; that only

-6-

Appellee or Mr. Porter controlled access to this area; and, that no steps exist from the back of 314 S. Buckman Street to the disputed area. These findings are supported by the record.

Appellee's maintenance and sole control of a fence and locked gate around the disputed area evinced "a purpose to hold dominion over the property with such hostility" as to give Appellants and their predecessors in interest notice of Appellee's adverse claim. *Id.* Though Appellants claim that Troutman stated via affidavit that "some type of agreement" existed between prior owners as to the use of the disputed area, they do not direct our attention to where such a statement is found in the record nor how such an agreement would undermine Appellee's claim of adverse possession.

## **CONCLUSION**

Based on the entirety of the record, we find no error in the Bullitt Circuit Court's conclusion that Appellee maintained actual, open and notorious, exclusive, and continuous possession of the disputed area for the statutory period. The Bullitt Circuit Court correctly found that there were no genuine issues as to any material fact, and that Appellee was entitled to judgment as a matter of law. *Scifres*, *supra*. For these reasons, we affirm the partial summary judgment of the Bullitt Circuit Court.

ALL CONCUR.


BRIEF FOR APPELLANTS:

Mark E. Edison
Shepherdsville, Kentucky

BRIEF FOR APPELLEE:

Hayden A. Sweat
Shepherdsville, Kentucky